IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL HALL, # B-40832, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 13-cv-270-GPM |
| | ) |
| JUDGE ILANA D. ROVNER, | ) |
| JUDGE DIANE S. SYKES, | ) |
| JUDGE MICHAEL J. REAGAN, | ) |
| and JANE DOE/JOHN DOE IDOC | ) |
| TRUST FUND STAFF, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, Michael Hall, who is incarcerated in Pontiac Correctional Center ("Pontiac"), brings this action alleging deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. He claims that $2.34 was deducted from his prison account and forwarded to this Court in order to pay court filing fees owed to the United States Court of Appeals, Seventh Circuit. Plaintiff maintains that the $2.34 deduction from his account amounted to an unconstitutional taking of his property without due process. Although Plaintiff has not filed a proper motion for leave to proceed *in forma pauperis* ("IFP"), he states in the complaint that he requests leave to proceed without pre-payment of the $350 filing fee (Doc. 1, pp. 1-3).

## In Forma Pauperis

Pursuant to 28 U.S.C. § 1915, a federal court may permit a prisoner who is indigent to bring a "suit, action or proceeding, civil or criminal," without prepayment of fees upon presentation of an affidavit stating the prisoner's assets together with "the nature of the action . . . and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). In

the case of civil actions, a prisoner's affidavit of indigence must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Upon tender of a proper affidavit and certified copy of a trust fund account statement, a prisoner then is assessed an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1)(A)-(B). After payment of an initial partial filing fee, the agency having custody of a prisoner must forward monthly payments from the prisoner's trust fund account to the clerk of the district court where the prisoner's case is pending each time the amount in the account exceeds $10.00 until the filing fee in the case is paid. *See* 28 U.S.C. § 1915(b)(2). Importantly, a prisoner incurs the obligation to pay the filing fee for a lawsuit when the lawsuit is filed, and the obligation continues regardless of later developments in the lawsuit, such as denial of leave to proceed IFP or dismissal of the suit. *See* 28 U.S.C. § 1915(b)(1), (e)(2); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998); *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997).

Here, Plaintiff has not submitted a proper motion to proceed IFP, an affidavit of indigence, or a copy of his trust fund account statement as required. Nevertheless, he contends that his prison account has nothing left in it after deduction of the court fee payment that is the subject of this suit.

Even where a prisoner tenders a proper motion to proceed IFP, affidavit of indigence, and trust fund statement, the court must make further inquiry before granting permission to proceed without pre-payment of the fee. Under 28 U.S.C. § 1915(g), a prisoner is prohibited from filing a civil action IFP if he has

> on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is

frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

In his complaint, Plaintiff discloses that he has already accumulated three strikes (Doc. 1, p. 1). According to the electronic docket of this Court, during his imprisonment Plaintiff has brought the following actions seeking redress from officers or employees of a governmental entity, that have been dismissed pursuant to 28 U.S.C. § 1915A as frivolous or for failure to state a claim upon which relief may be granted: *Hall v. Taylor*, 11-cv-21-GPM (dismissed Feb. 5, 2011, for failure to state a claim); *Hall v. Carter*, 10-cv-944-GPM (dismissed Feb. 6, 2011, for failure to state a claim); *Hall v. Gardener*, 10-cv-539-GPM (dismissed Feb. 9, 2011, for failure to state a claim); *Hall v. Pautler*, 10-cv-766-GPM (dismissed Feb. 12, 2011, for failure to state a claim); *Hall v. Taylor*, 10-cv-947-GPM (dismissed Feb. 12, 2011, as frivolous); *Hall v. Allsup*, 10-cv-643-MJR (dismissed Mar. 28, 2011, for failure to state a claim); *Hall v. Randle*, 10-cv-642-MJR (dismissed April 1, 2011, as frivolous and for failure to state a claim); *Hall v. Brown*, 10-cv-724-GPM (dismissed April 13, 2011, for failure to state a claim). Because Plaintiff has eight "strikes" for purposes of § 1915(g), he may not proceed IFP in this case unless he is under imminent danger of serious physical injury.

The United States Court of Appeals for the Seventh Circuit has explained that "imminent danger" within the meaning of 28 U.S.C. § 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003), *citing Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002). In general, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Ciarpaglini*, 352 F.3d at 331, *citing Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003). Additionally, "[a]llegations of past harm do not suffice" to show imminent danger; rather, "the harm must be imminent or occurring at the time the complaint is filed," and

when prisoners "allege only a past injury that has not recurred, courts deny them leave to proceed IFP." *Ciarpaglini*, 352 F.3d at 330, *citing Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996).

In this case, Plaintiff's pleading is devoid of allegations that might lead the Court to conclude that Plaintiff is under imminent danger of serious physical injury. His chief complaint is that the Jane/John Doe Trust Fund Staff deducted $2.34 from his prison account and forwarded it to this Court, in order to pay Plaintiff's court filing fees owed to the United States Court of Appeals, Seventh Circuit. This deduction represented the entire balance of Plaintiff's account at the time. The fee collection was made pursuant to the order issued by this Court in *Hall v. Ill. Dept. of Corr.*, Case No. 10-cv-214-MJR-SCW, as required by the mandate from the Seventh Circuit in Plaintiff's appeal from that case (Appellate Case No. 12-3265) (Doc. 1, p. 6).

Plaintiff maintains that the $2.34 deduction from his account amounted to an unconstitutional taking of his property without due process, reasoning that no deduction should have been made at all when the balance of his account was less than $10.00. Further, he claims that without these funds, he is unable to purchase a fan for his cell (Doc. 1, p. 5). Without a fan in the coming summer, he believes he will suffer heat exhaustion and heat strokes, as well as respiratory problems in the event mace is sprayed in his vicinity (Doc. 1, pp. 5, 8). These allegations of purely speculative future harm fail to show that Plaintiff is under imminent danger of serious physical injury so as to escape the "three-strikes" rule of § 1915(g). Thus, Plaintiff cannot proceed IFP in this case.

**Preliminary Review of Complaint**

In the situation where permission to proceed IFP is denied, the Court ordinarily allows a prisoner-plaintiff an opportunity to proceed with the action if he can pre-pay the filing fee in full,

and the complaint survives preliminary review. *See* 28 U.S.C. §§ 1915(e)(2)(B)[1], 1915A. Preliminary review of a complaint is conducted pursuant to 28 U.S.C. § 1915A(b), and a complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted must be dismissed. 28 U.S.C. § 1915A(b). The Court concludes that dismissal of this action is warranted, because it is frivolous and fails to state a constitutional claim upon which relief may be granted.

Plaintiff has been a frequent litigator in this Court, and has filed multiple cases within a short interval of time on several occasions—many of which resulted in the "strikes" described above.[2] Indeed, on the same day Plaintiff filed the instant action, he filed two other separate cases in this Court. This Court's orders have repeatedly informed Plaintiff of his obligation to pay the full filing fees he has incurred by bringing these actions, in accordance with the Prison Litigation Reform Act ("PLRA") as codified at 28 U.S.C. § 1915(b)(1). The specific order that gave rise to the instant complaint directed the Trust Fund Officer at Pontiac to remit an initial partial payment toward Plaintiff's $455.00 appellate fee, in the amount of "20% of the current balance or the average balance during the past six months, whichever amount is higher" (Doc. 1, p. 6). As to this payment, which the Trust Fund Officer calculated at $2.34, there is no restriction in the terms of the order that the account balance must exceed $10.00 before this initial payment may be sent. This is consistent with the statutory language in § 1915(b)(1). The $10.00 balance restriction applies only to the subsequent monthly payments that are to be

---

[1] Section 1915(e)(2) provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

[2] Plaintiff filed his first case in this Court in March 2010. He then filed a total of 11 cases here between July 7 and November 19, 2010, and filed three more cases in January 2011.

collected until the fee is paid in full, as directed by § 1915(b)(2).  Thus, the $2.34 deduction from Plaintiff's account was entirely in line with this Court's order, as well as with the mandate of the appellate court, and the governing statutes.   No constitutional violation occurred, and there is no non-frivolous basis for this suit.  Thus, Plaintiff's complaint must be dismissed with prejudice.

**Plaintiff's Outstanding Fees**

In the event that Plaintiff's inmate account balance exceeds $10.00, he may face additional deductions for the multiple fees he owes.  The Seventh Circuit has instructed that "the fees for filing the complaint and appeal cumulate.  Otherwise a prisoner could file multiple suits for the price of one . . . ." *Newlin v. Helman,* 123 F.3d 429, 436 (7th Cir. 1997), *overruled in part on other grounds by Lee v. Clinton,* 209 F.3d 1025 (7th Cir. 2000), *and Walker v. O'Brien,* 216 F.3d 626 (7th Cir. 2000).  A prisoner who files one suit must remit 20% of his monthly income to the Clerk of the Court until his fees have been paid; a prisoner who files a suit and an appeal must remit 40%; and so on.  *Newlin*, 123 F.3d at 436.  "Five suits or appeals mean that the prisoner's entire monthly income must be turned over to the court until the fees have been paid." *Id.*

Plaintiff's prolific litigation activity has resulted in a substantial accumulation of unpaid filing fees in this Court.  Plaintiff has previously filed fifteen prisoner lawsuits in this Court between March 2010 and January 2011.[3]  The instant case brings his total to sixteen.[4]  With each

---

[3] In addition to these fifteen cases, Plaintiff filed one more (*Hall v. IDOC*, No. 11-cv-1081-MJR) that was transferred to the Central District of Illinois, and is not included in this total.  The fifteen cases which were adjudicated in this district are:  *Hall v. Ill. Dept. of Corr.*, 10-cv-214 (S.D. Ill. filed March 19, 2010); *Hall v. Reynolds*, 10-cv-491-GPM (S.D. Ill. filed July 7, 2010); *Hall v. Gardener*, 10-cv-539-GPM (S.D. Ill. filed July 20, 2010); *Hall v. Thomas*, 10-cv-633-JPG (S.D. Ill. filed Aug. 19, 2010); *Hall v. Randle*, 10-cv-642-MJR (S.D. Ill. filed Aug. 19, 2010); *Hall v. Allsup*, 10-cv-643-MJR (S.D. Ill. filed Aug. 19, 2010); *Hall v. Brown*, 10-cv-724-GPM (S.D. Ill. filed Sept. 20, 2010); *Hall v. Pautler*, 10-cv-766-GPM (S.D. Ill. filed Oct. 4, 2010); *Hall v. Thomas*, 10-cv-896-JPG (S.D. Ill. filed Nov. 9, 2010); *Hall v. Morrison*, 10-cv-897-JPG (S.D.

case, he incurred a $350 filing fee. Plaintiff has also filed two appeals, incurring two additional $455 filing fees.[5] Plaintiff has made only one payment toward any of these fees – the $2.34 payment which gave rise to the instant suit. Plaintiff's unpaid filing fees with this Court currently total $6,507.66.

Despite having "struck out" and making no significant effort to pay his filing fees, Plaintiff has continued to file new lawsuits, which include frivolous claims of imminent danger. Moreover, the other two cases filed along with the instant action have no discernible connection to the Southern District of Illinois. The cumulative effect of Plaintiff's repetitive filings is significant "in clogging the processes of the court and in burdening the judges and staff to the detriment of litigants having meritorious cases." *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 185 (7th Cir. 1995). The Court will not tolerate this waste of its judicial resources, and is inclined to restrict Plaintiff from filing any further actions in this Court until such time as Plaintiff pays the $350 filing fee for this action and the outstanding fees owed for his previously filed actions in full—a total of $6,507.66. *See Newlin v. Helman*, 123 F.3d 429, 437 (7th Cir. 1997), *citing Support Sys. Int'l, Inc.*, 45 F.3d 185 (7th Cir. 1995), ("A prisoner who becomes ineligible under § 1915(g) to continue litigating *in forma pauperis*, and who then files additional suits or appeals yet does not pay the necessary fees, loses the ability to file future civil suits"),

---

Ill. filed Nov. 9, 2010); *Hall v. Carter*, 10-cv-944-GPM (S.D. Ill. filed Nov. 19, 2010); *Hall v. Taylor*, 10-cv-947-GPM (S.D. Ill. filed Nov. 19, 2010); *Hall v. Thomas*, 11-cv-6-JPG (S.D. Ill. filed Jan. 4, 2011); *Hall v. Taylor*, 11-cv-21-GPM (S.D. Ill. filed Jan. 10, 2011); *Hall v. Taylor*, 11-cv-31-MJR (S.D. Ill. filed Jan. 10, 2011).

[4] Two other cases filed by Plaintiff on the same day as he filed the instant case have been transferred to the Central District of Illinois, and are not included in this total (*Hall v. Ill. Dept. of Corr.*, No. 13-cv-269-JPG; and *Hall v. Spencer*, No. 13-271-JPG).

[5] Seventh Circuit Appeal No. 12-3259, from *Hall v. Thomas*, 10-cv-633-JPG; and Appeal No. 12-3265, from *Hall v. Ill. Dept. of Corr.*, 10-cv-214-MJR-SCW.

*overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000). *See also Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999) ("[U]npaid docket fees incurred by litigants subject to § 1915(g) lead straight to an order forbidding further litigation.").

**Disposition**

Plaintiff is hereby **ORDERED TO SHOW CAUSE** why this Court should not restrict him from filing any further actions in this Court until such time as Plaintiff pays the $350 filing fee for this action and the outstanding fees owed for his previously filed actions in full—a total of $6,507.66.

Tender by Plaintiff of the full $6,507.66 in outstanding fees for these actions to the Clerk of the Court on or before June 10, 2013, shall be deemed by the Court to discharge Plaintiff's duty to show cause under this order.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** with prejudice as frivolous, and for failure to state a claim upon which relief may be granted. This dismissal shall count as another "strike" within the meaning of 28 U.S.C. § 1915(g). The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: April 17, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge