## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **MICHAEL HALL, # B-40832,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 13-cv-270-GPM** |
| | ) | |
| **JUDGE ILANA D. ROVNER,** | ) | |
| **JUDGE DIANE S. SYKES,** | ) | |
| **JUDGE MICHAEL J. REAGAN,** | ) | |
| **and JANE DOE/JOHN DOE IDOC** | ) | |
| **TRUST FUND STAFF,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court for case management. Plaintiff owes a total of $6,507.66 for the sixteen lawsuits he filed in this Court between March 2010 and the present, and two appeals taken from these cases. On April 17, 2013, Plaintiff was ordered to show cause why this Court should not restrict him from filing any further actions in this district until such time as he pays the substantial balance he owes for filing fees (Doc. 4). Plaintiff was ordered to respond to the show cause order by June 10, 2013. He has made no response, nor has he made any further payment toward his outstanding fees.

Because Plaintiff has continued to file additional cases despite having accumulated more than three "strikes" within the meaning of 28 U.S.C. § 1915(g), has not made any effort to pay his outstanding fees, and has failed to show adequate cause why the Court should not restrict him from filing future documents until his fees are paid in full, this Court finds it necessary to so restrict Plaintiff. Plaintiff's conduct leads this Court to conclude that a filing ban is appropriate,

as he clearly has not been deterred by having struck out pursuant to § 1915(g), and continues to make frivolous claims of imminent danger in an effort to circumvent the restrictions of § 1915(g). *See Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999) ("unpaid docket fees incurred by litigants subject to § 1915(g) lead straight to an order forbidding further litigation") (citing *Support Sys. Intl, Inc. v. Mack,* 45 F.3d 185 (7th Cir. 1995)).

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff is **RESTRICTED** from filing any new civil actions in this Court until such time as his outstanding filing fees of $6,507.66 have been paid in full.  This filing restriction does not extend to a notice of appeal from this order, to the filing of any petition for a writ of habeas corpus, nor to pleadings filed as a defendant in another criminal or civil case.  *See Mack,* 45 F.3d 185; *Newlin v. Helman,* 123 F.3d 429, 436-37 (7th Cir. 1997).  Plaintiff may seek modification or recission of this order, by filing a motion in this Court *no earlier* than two years from the date of entry of this order.  Plaintiff shall include a copy of this Order with any papers he submits to the Court while this filing restriction is in place.

Should Plaintiff attempt to file any new civil action in this Court, the Clerk of Court is **DIRECTED** to return any documents submitted in violation of this order to the Plaintiff unfiled.

If Plaintiff wishes to appeal this order, he may file a notice of appeal with this Court within thirty days of the date of this order.  FED. R. APP. P. 4(a)(4).  If Plaintiff does choose to appeal, he will be liable for the $455.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).  Moreover, because Plaintiff has "struck out," this Court will not grant him permission to proceed *in forma pauperis* on appeal.  Finally, if the appeal is found

to be nonmeritorious, Plaintiff may also incur another "strike."  A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.

**IT IS SO ORDERED:**

DATED:  June 25, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge